Opinion
 

 KINGSLEY, J.
 

 On June 12, 1974, plaintiff entered into a subcontract with defendant Mitchell Cement Contracting Co. (Mitchell) to perform certain masonry work on a building being constructed at 946 North Mariposa Avenue in the City of Los Angeles.
 
 [1]
 
 He performed the work involved, was paid only part of the price, and sued for the balance. He recovered judgment against Mitchell and its bondsman. The defendants have appealed; we affirm.
 

 
 *17
 
 The material facts are not in dispute.
 
 [2]
 
 Plaintiff holds, and at all times herein involved held, a valid license as a general contractor. He does not hold, and never has held, a specialty license as a masonry contractor. The subcontract herein involved called for masonry work only and only masomy work was performed.
 

 The sole question before us on this appeal is whether plaintiff may recover for his work even though he did not hold a specialty license as a masonary contractor. We hold that he can.
 

 The applicable statutory provisions (contained in the Business and Professions Code) are as follows:
 

 “§ 7031. No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any. act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, except that such prohibition shall not apply to contractors, who are each individually licensed under this chapter but who fail to comply with Section 7029.”
 

 “§ 7057. A general building contractor is a contractor whose principal contracting business is in connection with any structure built, being built, or to be built, for the support, shelter and enclosure of persons, animals, chattels or movable property of any kind, requiring in its construction the use of more than two unrelated building trades or crafts, or to do or superintend the whole or any part thereof.
 

 “This does not include anyone who merely furnishes materials or supplies under Section 7045 without fabricating them into, or consuming them in the performance of the work of the general building contractor.”
 

 “§ 7058. A specialty contractor is a contractor whose operations as such are the performance of construction work requiring special skill and whose principal contracting business involves the use of specialized building trades or crafts....”
 

 “§ 7059. The board may adopt reasonably necessary rules and regulations to effect the classification of contractors in a manner
 
 *18
 
 consistent with established usage and procedure as found in the construction business, and may limit the field and scope of the operations of a licensed contractor to those in which he is classified and qualified to engage, as defined by Sections 7055, 7056, 7057, and 7058. A licensee may make application for classification and be classified in more than one classification if the licensee meets the qualifications prescribed by the board for such additional classification or classifications. The application shall be accompanied by the application, fee fixed by this chapter. No license fee shall be charged for an additional classification or classifications.
 

 “Nothing contained in this section shall prohibit a specialty contractor from taking and executing a contract involving the use of two or more crafts or trades, if the performance of the work in the crafts or trades, other than in which he is licensed, is incidental and supplemental to the performance of work in the craft for which the specialty contractor is licensed.”
 

 Purportedly acting under the authority of section 7059, the Contractors State License Board has adopted rules, the pertinent rule being subdivision (b) of rule 760, title 16, California Administrative Code, which reads as follows:
 

 “A licensee classified as a general building contractor as defined in Section 7057 [Business and Professions Code], shall not take a prime contract unless the same requires more than two unrelated building trades or crafts, or unless he has qualified for the particular specialty classification or classifications established by the Board.”
 

 The defendant’s theory is that the rule above quoted bars plaintiff from recovering for specialty work since he did not have a specialty license. As applied to the facts of this case, the argument is without merit. By its terms, that rule applies only to “prime” contracts. The contract here was a sub subcontract and, thus, not a contract covered by that rule. In 1944, the Attorney General, in advice given to the board prior to the adoption of the present rules, considered the exact problem now before us. He was asked the following questions:
 

 “1. May the holder of a general contractor’s license accept a contract covering only one particular field of endeavor, without first securing an additional supplemental classification in that particular field, such as painting, decorating, electrical work, etc.?
 

 
 *19
 
 “2. Is the holder of a general contractor’s license required to sub-let his specialty work, such as electrical, plumbing, sheet-metal, and painting, for which the board now issues specialty contractor licenses, or is he permitted to do the work himself?”
 

 To those questions, the Attorney Gen ¿ral replied as follows:
 

 “If a person is licensed and classified as a general contractor, he can take a contract for construction business for any type of construction work or contract. Not infrequently such work involves numerous crafts or trades, and even may involve every type of work done by every classification which has been set up by the Contractors’ Board. Hence, if a general contractor may make a general contract in every field of activity, or craft, or trade, he may likewise make a contract covering any lesser number of crafts or trades, even to the point where the contract involves only one trade, or specialty classification....
 

 “There is nothing in the contractors’ license law which states the manner in which a contractor must accomplish the work; i.e., there is nothing to prevent him from doing all of the work himself, or of hiring, or contracting with, specialty contractors to do a certain part of the work. Therefore, in answer to your first two questions, the holder of a general contractor’s license may accept a contract covering only one particular field of endeavor, and he need not secure an additional supplemental specialty classification covering a particular field, and he may do the entire work himself if he desires.” (3 Ops.Cal.Atty.Gen. 311, 312-313.) We are not cited to, and have not found, any other authority on the issue before us. The present rules were drafted after receiving that advice. They must be construed in accordance with it.
 

 Since the plaintiff did not violate the rule invoked against him, we need not, and do not, consider other questions discussed in the briefs and at oral argument. Whether a violation of that rule would result in an inability to recover payment must await a case in which that issue is material.
 

 The judgment is affirmed.
 

 Files, P. J., and Jefferson (Bernard), J., concurred.
 

 [1]
 

 It appears from the contract document attached to the complaint that Mitchell was, itself, a subcontractor under Nagel Construction Co.
 

 [2]
 

 Defendants do not attack the amount of the judgment.